[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:OBJECTIONS TO REPORT OF A.T.R.
The plaintiff instituted the present action asserting that he sustained personal injuries when he was assaulted by the defendant. The defendant denied the claim and alleged that the plaintiff was barred by the provisions of General Statutes § 31-293a, which provides that the Workers' Compensation Act provides the exclusive remedy with respect to injuries sustained as a result of the act of a fellow employee except in stated circumstances. The matter was referred to an Attorney Trial Referee (A.T.R.) who heard evidence and found that the defendant wilfully attempted to injure the plaintiff and assessed damages. The defendant has filed an objection to the acceptance of the Report and an exception to that Report asserting that conclusions reached by the A.T.R. are not supported by the evidence and that the A.T.R. employed an inappropriate standard by which to judge the case.
General Statutes § 31-293a provides that where an employee is injured by the wrong of a fellow employee the Workers' Compensation Act is the exclusive remedy "unless such wrong was willful and malicious". "A willful and malicious injury is one inflicted intentionally without cause and excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. . . . A willful or malicious injury is one caused by design. Willfulness and malice alike import intent. . . . (ITS) Characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act. . . . It is also well recognized that the although the line between a highly foreseeable risk and an intentional tort often grows thin, it has always been deemed to exist: on the other hand, the mere knowledge and appreciation CT Page 2487 of a risk short of substantial certainty is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty." Mingachosv. CBS, Inc., 196 Conn. 91, 102-103 (1985) (Citations and internal quotation marks omitted). See also Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 108-109 (1994).
The plaintiff and the defendant were working for their employer and the defendant was operating a pay loader pushing cardboard onto a conveyor belt. The defendant testified, in effect, that while the pay loader did strike the plaintiff it was accidental and that as soon as he saw the pay loader struck the plaintiff he stopped the machine and went to see if the plaintiff was injured. There is nothing contained in the defendant's testimony which would give rise to a basis for asserting the existence of an intentional injury and therefore a question exists as to whether the characteristic element of the design to injure may be "implied from the conduct and circumstances".
An independent witness testified that the plaintiff and the defendant were arguing before the incident but the plaintiff himself testified that there was nothing unusual and the defendant testified that he was not upset with the plaintiff prior to the incident. The plaintiff also testified that he did not observe the pay loader or the defendant's actions until the pay loader was approximately 2 feet away from him when he heard someone yell "Look out".
Both the independent witness and the plaintiff describe the defendant's actions as chasing the plaintiff with the pay loader. There is evidence that after the plaintiff was struck by the pay loader, he got up and was trying to run away from the pay loader, defendant kept going toward the plaintiff. The independent witness also described the defendant's conduct as charging at the plaintiff and testified"that he was that he was trying to hit the man".
The A.T.R. was in a position to evaluate the various CT Page 2488 witnesses and there was sufficient evidence for the A.T.R. to have found a willful and malicious injury within the meaning of General Statutes § 31-293a. while the A.T.R. does describe the defendant's conduct as a "reckless disregard for the safety of the plaintiff" the A.T.R. also found that the defendant "willfully attempted to injure the plaintiff." The A.T.R. found more than reckless conduct and found that the conduct of the defendant was an attempt to injure the plaintiff.
Accordingly, the objections and exceptions to the Report are overruled and the Report is accepted.
RUSH, J.